# WERTZ *v.* WERTZ.

APPELLATE PRACTICE; TRANSCRIPT OF RECORD ON APPEAL.

Where the losing party in an equity suit, after the decree was entered and an appeal therefrom taken, prepared an abstract of the testimony in narrative form, served a copy of the same on his opponent, and no action having been taken by the latter thereon, filed the original of such abstract in the office of the clerk of the lower court, and directed the clerk in making up the transcript of the record to include such abstract in the transcript as the testimony in the case and the clerk so made up the transcript; it was *held,* affirming the decree, that such abstract could not, over the objection of the appellee, be regarded as a proper substitute for the testimony, no matter how faithfully it may have reproduced the substance of the record testimony; Mr. Justice Shepard dissenting.

No. 1159.  Submitted April 11, 1902.  Decided May 7, 1902.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill for divorce on the ground of cruelty.    *Affirmed.*

The COURT in the opinion made the following statement:

This is a suit for divorce from the bond of matrimony, or in the alternative, from bed and board, on the ground of cruelty endangering the health of the appellant, Nora B. Wertz, who was the plaintiff in the court below. The divorce was refused by that court; and from the decree of refusal dismissing the bill of complaint or petition in the case the petitioner has appealed.

The record before us consists of a transcript of the appellant's bill for divorce, the answer of the defendant or appellee, Melvin A. Wertz, an order of the court below striking out certain portions of the answer, the decree dismissing the bill, the appeal and citation, and what is called in the transcript, a "narrative of the testimony." This "narrative of the testimony," which occupies fifty of the sixty pages of the printed record, purports to be an abstract, mainly in narrative form, of the original testimony as filed, which does not appear in this record. It was filed in the court below on December 9, 1901. The appeal had been taken and perfected upwards of a month before that time, on November 4–7, 1901; and the decree dismissing the bill had been rendered on October 21, 1901.

In making up the transcript of the record for this court, the counsel for the appellant, on December 5, 1901, filed a præcipe to the clerk to include in it these papers, and nothing else: (1) Petition for divorce; (2) Answer of the defendant; (3) Order striking out certain portions of the defendant's answer; (4) Decree dismissing bill; (5) The testimony in the cause in narrative form as per exhibit; (6) Memorandum of note of appeal and citation; (7) Memorandum of issuance and acceptance of citation; (8) Memorandum of approval in filing of appeal bond; (9) Præcipe. And a copy of this præcipe was served on the counsel for the appellee, and service of it was acknowledged by him. He took no action on the præcipe, so far as the record shows, to have any other parts of the record included in the transcript. We are given to understand that the "narrative

of the testimony," which has been mentioned, and which is the same thing that is mentioned in the præcipe as Item 5, " the testimony in the cause in narrative form as per exhibit," was served on the counsel for the appellee at the same time; and that, no action having been taken by him thereon, the counsel for the appellant thereupon proceeded to file the same in the cause, which he did, as already stated, on December 9, 1901.

The certificate of the clerk of the court below states that the transcript which he transmits to this court, is " a true and correct transcript of the record, as per directions of counsel herein filed, copy of which is made part of this transcript," etc., etc., etc.

After the record thus made up was filed in this court, a suggestion of diminution of the record was made on behalf of the appellee, and was allowed; and a writ of diminution was sent to the court below. But neither the appellee nor the appellant was willing to pay the costs of the clerk for the transcript of such parts of the record which it was sought to supply; and the writ of diminution was permitted to lapse, and there was no further action thereon.

Hearing has been had on the record as thus made out and transmitted to this court, the appellee however still insisting that there is no sufficient or proper record in this court.

*Mr. E. H. Thomas* for the appellant.

*Mr. Andrew A. Lipscomb* for the appellee:

The attorney for the appellant had the testimony in the case prepared by himself and reduced into what he terms " narrative form *per exhibit*," but it does not appear that any exhibit was filed until after the decree of the court below. Therefore, by the record — the only alleged transcript of the record that is before this court in so far as the testimony is concerned, which is the very case itself — is

a narrative of that testimony filed by Mr. Thomas, the attorney.

No such motion or notice under Rule 5 of this court was ever served on the counsel for the appellee. The record says that a notice was served by the counsel of the appellant desiring the clerk to print the testimony in the cause " *in narrative form as per exhibit."* The testimony *" in narrative form "* was not a part of the record, and could not be made such by act of the counsel. The record was the testimony as it was taken *verbatim* and read to the chancellor who made the decree, and it is submitted that a digest, analysis, or narrative of that testimony, made by the counsel for the appellant and by him filed in the cause, was not a part of the record, and could not possibly become such any more than his brief of law should be considered a part of the record. And so the appellee is not estopped in objecting to this as being the record, because notice was served on him that a narrative of the record was filed.

When the case got up to this court a motion was made to require the appellee to pay the costs of the printing and counsel fees, which the court denied, and a motion was made by the appellee suggesting a diminution of the record on the ground that the record did not set forth the testimony or any designated part thereof, nor extracts from the testimony, but a statement in narrative form made by the counsel for appellant as to some portions of the testimony, omitting many and various portions of vital importance to the consideration of the cause in this court, and a *certiorari* was issued by this court to the clerk below to bring up the whole record; and appellee was ordered to pay the cost of bringing up the entire record, which he did not do. So the case stands here in this position.

The appellee, therefore, asks that this appeal be dismissed for failure to have before this court a proper transcript of record, or an appeal properly here under the rules of this court. *Davis* v. *Harper,* 14 App. D. C. 298; *Florida Central RR. Co.* v. *Schulte,* 100 U. S. 644.

Mr. Justice MORRIS delivered the opinion of the Court:

It is very clear that the objection of the appellee is well founded. We have not before us any of the testimony upon which the cause was heard in the court below. The so-called "narrative of testimony" of the record is not such testimony. It is an unauthorized abstract or digest of it filed in the court below after the cause had been decided there, and when it had even passed beyond the jurisdiction of that court in consequence of the appeal taken and perfected. It is alleged, on the one side, that parts of the record testimony have been omitted from the so-called "narrative." This is conceded on the other side; but it is said that the parts omitted are not material. This point we cannot determine. But it is quite evident that we have no sufficient legal record before us such as the court below had in its determination of the case; and therefore that it is not competent for us to review that decision further than to see that it is in pursuance of the pleadings in the cause which are before us.

We have not the slightest doubt that the counsel for the appellant acted in the utmost good faith in seeking to substitute a connected narrative of the testimony in the place of what was probably a heterogeneous mass of deposition, much of it, perhaps, irrelevant and superfluous, as is too often the case with depositions taken in the course of proceedings in equity; and that his narrative is an accurate and faithful abstract of the testimony which was actually taken and filed in the cause, and that such abstract, with few or no alterations or additions, might have been safely and properly accepted by the counsel for the appellee as a substitute for such depositions. It may well be regarded as a disgrace to our jurisprudence, which however may be removed, at least to a very great extent, by the action of the courts themselves, that testimony in equity causes is too often overlaid with a mass of irrelevant and useless matter, criminations and recriminations of counsel, frivolous questions and sometimes equally frivolous objections,— for which, perhaps, the custom of taking depositions stenographically,

and by way of question and answer is largely responsible. Any effort that tends to reduce the volume of these depositions and to bring their substance in compact form before the court is most worthy of commendation. Indeed, it would not be improper for rules of court to require that, before the argument of causes, an abstract of testimony should be furnished by counsel, which should be a substitute for the formal depositions; and appellate courts especially may find themselves compelled in the interest of justice to provide for the establishment of some such practice. But in the absence of rules to that effect we cannot see how an *ex parte* abstract of testimony made by counsel on one side, never used by the court, never passed upon by the court, which came into existence only after the decision of the court had been rendered, and was filed in the clerk's office after the cause had by the appeal passed out of the control of the court, can be regarded, over the objection of opposing counsel, as a proper substitute for the testimony of the record, no matter how faithfully such abstract may reproduce the substance of the record testimony.

We have not here the record upon which the court below heard and determined this cause. The testimony upon which it was heard is wholly wanting. What was said by the Supreme Court of the United States, through Mr. Chief Justice Waite, in the case of *Railroad Co.* v. *Schutte,* 100 U. S. 644, 647, is entirely appropriate here. That court said: " While we desire to encourage in every proper way all attempts made in good faith to exclude immaterial matter from the transcripts brought here on appeals or writs of error, it will not do to permit the appellant or the plaintiff in error to make up a record to suit himself, without any regard to the wishes of his opponents or the rules and practice of the court." There is here nothing on which we can hear the cause, except the bill or petition, the answer, and the decree; and inasmuch as the decree is in conformity with the pleadings, there is nothing left to us but to affirm such decree. We cannot consider the cause upon its merits, as developed by the testimony.

The decree appealed from must be *affirmed, with costs. And it is so ordered.*

Mr. Justice SHEPARD dissenting:

I regret that I am unable to concur in the opinion of the court on this appeal; but I can come to no other conclusion than that the entire transcript, as certified by the clerk of the Supreme Court of the District, ought, under the peculiar circumstances surrounding the proceedings, to be received and considered.

The rules of the court regulating the preparation of transcripts contemplate the elimination of all matter not necessary to the proper presentation of the case on the errors assigned.

Counsel have, from the time of the promulgation of the first rules, been permitted to stipulate concerning the contents of the transcript to be made up and certified, and any stipulation of theirs would be received.

An amendment to the original rules provides that counsel for the appellant shall designate what parts of the record shall be certified. This designation must be in writing and a copy served upon the adverse party or his counsel, who may designate such additional parts as he may consider important to the fair hearing of the case on appeal.

Taking a very broad, and what must be conceded to be an erroneous view of the scope of this amended rule, the counsel for the appellant, instead of designating parts of the depositions on file for copy, made what is practically, conceded to be a fair condensation of the answers contained in the said depositions, omitting the questions and other irrelevant matter, and directed the clerk to include it in the transcript as the evidence in the case. Counsel for the appellee, though duly served with notice of this designation, made no objection and filed no designation on his own behalf. The clerk, assuming this to indicate the consent of the appellee, made up the transcript as directed by the appellant.

Now, had the appellee made an objection, or notified the clerk of his want of assent to the statement of the evidence, that officer, it must be presumed, would not have certified a transcript containing it. Instead of objecting or signifying his dissent, appellee stood by and permitted the transcript to be certified and sent up.

After the transcript was lodged in this court the appellee could have moved to dismiss, accompanied by an affidavit pointing out the inclusion of a paper foreign to the record without his consent. Had such motion been made, it must have prevailed.

In that event, opportunity would have remained to the appellant to perfect his record for hearing. But no such action was taken. The appellee maintained silence. He stood by and permitted the appellant to print the record and prepare for its submission on brief and argument. On the argument he made a suggestion merely of the defect in the record.

Under these circumstances, I am of the opinion that this court ought to indulge the presumption that the statement of the evidence was prepared and substituted for the depositions themselves, with the consent of the appellee, and that the presumption cannot be rebutted by a mere suggestion made on the argument, when it is too late to repair the injury done by the rejection of the record.

Appellee having failed to object at the proper time and in the proper manner, his suggestion ought not, in my judgment, to be now entertained.